## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

MICHAEL J. STUART,

              Plaintiff,

  v.

CLARENCE L. STUART, JR., ESTATE OF
ELIZABETH M. STUART, PAMELA L.
STUART, JOHNATHAN A. STUART a/k/a
JON STU, SHIRLEY A. FELDER, DOE
DEFENDANTS 1-100,

              Defendants.

3:12 - CV - 159 (JBA)

### RULING ON PLAINTIFF'S MOTION TO FOR TEMPORARY RESTRAINING ORDER

HAIGHT, Senior District Judge:

### I.        INTRODUCTION AND FACTS

     Plaintiff Michael J. Stuart, appearing *pro se*, moves this Court for an Order directing each of the several named Defendants to Show Cause why a Temporary Restraining Order ("TRO") and Preliminary Injunction should not be entered against them with respect to circumstances and conduct alleged in Plaintiff's Verified Complaint.  Doc. #3.

     Plaintiff filed his motion and the supporting documents in the Bridgeport Courthouse on February 2, 2012.  The case was assigned by random to the Honorable Janet Bond Arterton, whose Chambers are in the New Haven Courthouse.  Owing to Judge Arterton's temporary absence from the District, Plaintiff's motion was referred to the undersigned as the Duty Judge.  For the reasons that follow, the Court declines to enter a TRO.  I decide no other issue.  The file will be respectfully

returned to Judge Arterton for further proceedings.

Reading Plaintiff's Complaint (Doc. #1) with the lenity traditionally accorded to *pro se* pleadings, it alleges that Plaintiff Michael J. Stuart ("Michael") is one of five children of the late Clarence L. Stuart, Sr. and Lucille B. Stuart.  The other four Stuart children were Clarence Jr., Ronald, Sandra, and Margaret.  Clarence L. Stuart, Sr., a resident of Queens, New York, died in 1987.  His widow Lucille B. Stuart ("Lucille"), also a Queens resident, died in 1997.  Her will, admitted to probate in New York, called for the distribution of Lucille's estate, consisting of real estate and personal assets, *per stirpes* and in equal one-fifth shares to the five Stuart children.

Lucille's will appointed Defendant Clarence L. Stuart, Jr. ("Clarence Jr.") as co-Executor. Michael was a co-Executor, but Clarence Jr. personally undertook the administration as Executor of Lucille's estate.  A principal asset of Lucille's estate was her home at 109-49 215th Street, Queens Village, New York.   Ronald, an incompetent son of Clarence Sr. and Lucille, was a joint tenant of that property with his mother at the time of her death.  In January 1998 Clarence Jr., acting as Executor of Lucille's estate, induced Ronald to sign a deed transferring his rights and interests in the property to Clarence Jr.  Clarence Jr. then told Plaintiff and the other siblings that he intended to obtain maximum rent for the property, which he promised to distribute in equal shares to the five Stuart children.

The gravamen of Plaintiff's Complaint, principally against Clarence Jr., is that since April 1998, Clarence Jr., acting in secret and fraudulent concert with others (some named as defendants), has used and leveraged the value of the 215th Street property to acquire other properties and engage in other commercial pursuits, all for his personal gain, and in derogation of Michael's interest in Lucille's estate. Michael began an investigation into Clarence Jr.'s conduct after repeated inquiries

2

into estate distributions went unanswered by Clarence Jr.  The Complaint at page 31 prays for a number of legal and equitable remedies, including a reorganization of "Defendants' enterprise"; posting of security bonds; disgorgement; compensatory, punitive and treble damages; a constructive trust over the 215th Street property and other properties acquired or owned by Defendants; attachment; and the appointment of a Special Master.  Plaintiff's motion papers do not distinguish between remedies sought by means of a TRO and by a Preliminary Injunction.  I assume that the Prayer for Relief with which the Complaint concludes is intended to describe both.  This Ruling is concerned solely with Plaintiff's motion for a Temporary Restraining Order (Doc. #3).

The Complaint alleges that subject matter jurisdiction is conferred by 28 U.S.C. § 1332(a) (diversity of citizenship, Plaintiff being a citizen of Connecticut and all named Defendants citizens of New York); and by § 1331 (federal question, based on assertion of a civil RICO claim under 18 U.S.C. § 1962).  Assuming without deciding that the Complaint sufficiently alleges subject matter jurisdiction under those statutes, I decline to issue a TRO because Plaintiff does not show that this Court has jurisdiction over any Defendant or that venue is proper within this District.

## II.   DISCUSSION

A temporary restraining order "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Reidy*, 477 F.Supp.2d 472, 474 (D.Conn. 2007) (internal quotations and citation omitted).  That burden of persuasion includes a demonstration that the district court whose power is invoked has the power to wield it.  In the case at bar, Plaintiff does not make that showing for two related  but separate reasons.  First, it does not appear that this Court has personal

jurisdiction over any Defendant.  Second, venue in this District is improper, under both the diversity and RICO statutes.

As to personal jurisdiction: While the Complaint is somewhat imprecise in describing the domiciles of the individual parties (the touchstone for citizenship), as opposed to their residences, it may reasonably be read to allege that Plaintiff is a citizen of Connecticut and the Defendants are all citizens of New York.  That may be sufficient to plead complete diversity of citizenship, as the statute requires.  But there is no allegation that any of the conduct complained of occurred in Connecticut.  Lucille Stuart executed her will in New York; Clarence Jr. qualified as Executor in New York and discharged the responsibilities of that office, faithfully or unfaithfully as the case may be, in New York; the 215th Street property lying at the heart of the case is in New York; all of the parcels of real estate Defendants are charged with having illicitly acquired are in New York.  The assertion by this Court of personal jurisdiction over any Defendant would be problematic under the United States Constitution.

As to venue: Venue in a particular district must be proper under governing law for the court to be empowered to act.  Improper venue may in some circumstances be waived by agreement of the parties, but it is fanciful to suppose that these warring siblings would agree to anything.  For the purpose of TRO analysis, venue in this Court must manifestly be proper.  It is not.  In a civil action not founded solely on diversity (as this RICO action is not), venue to be proper must satisfy the requirements of 28 U.S.C. § 1391(b), namely, (1) "a judicial district in which any defendant resides," if all defendants reside in the State in which the district is located; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated;" or (3) a "judicial district in which any

defendant is subject to the court's personal jurisdiction with respect to such action," if there is "no district in which [the] action may otherwise be brought."   28 U.S.C. § 1391(b)(1)-(3).   The allegations of the Complaint do not satisfy any of these alternative bases for venue.  On the contrary: the Complaint's conclusory allegations of venue at page 2 are contrary to the pleading's repeated factual allegations.   As for the RICO claim, the venue provision allows a civil action to be brought in "any district in which such person resides, is found, has an agent, or transacts his affairs."  28 U.S.C. § 1965(a).  Plaintiff cannot satisfy those requirements either.

## III.   **CONCLUSION**

For these reasons, this Court declines to issue a Temporary Restraining Order.  The views I have expressed are my own and are not binding on any other District Judge.  The file in the case is respectfully returned to the chambers of Judge Arterton, to which Plaintiff should apply for further instructions.

It is SO ORDERED.
Dated: New Haven, Connecticut
February 3, 2011

_/s/Charles S. Haight, Jr._____
Charles S. Haight, Jr.
Senior United States District Judge

5